FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 24, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JODI M.,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | No. 2:17-CV-00291-JTR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 14, 18. Attorney Dana C. Madsen represents Jodi M. (Plaintiff); Special Assistant United States Attorney Diana Andsager represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income (SSI) on December 20, 2013, Tr. 80, alleging disability since October 23, 2013, Tr. 156, due to a "broken neck" and a "scalped head exposing brain," Tr. 181. The application was denied initially and upon reconsideration. Tr. 108-11, 115-17.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

Administrative Law Judge (ALJ) Marie Palachuck held a hearing on April 7, 2016 and heard testimony from Plaintiff, medical expert Arthur Lorber, M.D., psychological expert Donna Veraldi, Ph.D., and vocational expert Sharon Welber. Tr. 42-79. The ALJ issued an unfavorable decision on May 4, 2016. Tr. 20-33. The Appeals Council denied review on June 22, 2017. Tr. 1-6. The ALJ's May 4, 2016 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). Plaintiff initiated this action for judicial review on August 21, 2017. ECF Nos. 1, 4.

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 45 years old at the date of application. Tr. 156. She reported that she completed three years of college. Tr. 182. She reported that she had never worked, but that her impairments prevented her from working as of October 23, 2013. Tr. 181. Plaintiff was involved in a car accident resulting in her reported impairments on October 23, 2013. Tr. 60, 70, 270.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. § 416.920(a)(4). If the claimant cannot do her past relevant work or has no past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On May 4, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 20, 2013, the application date. Tr. 22.

At step two, the ALJ determined Plaintiff had the following severe impairments: status post motor vehicle accident October 2013, which non-displaced fracture at C6 and degloving injury to scalp; depressive disorder; general anxiety disorder; and history of substance abuse. Tr. 22.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 23.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a range of light work with the following limitations:

> she can occasionally balance, stoop, kneel, crouch, crawl, climb ramps and stairs, but never climb ladders, ropes or scaffolds; frequently reach overhead bilaterally; avoid concentrated exposure to vibration, hazards of working at unprotected height and around heavy machinery and all exposure to extreme temperatures; she can understand remember and carry out simple routine tasks and instructions and familiar detailed tasks; no interaction with the public and only basic (i.e., brief) superficial interaction with coworkers; she will need additional time (defined as 10% more than the average employee) to adapt to changes in work routine.

Tr. 25. The ALJ found Plaintiff had no past relevant work. Tr. 32.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of cleaner housekeeping, cafeteria attendant, and price marker. Tr. 32-33. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from December 20, 2013, through the date of the ALJ's decision. Tr. 33.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly address Plaintiff's symptom statements and (2) failing to properly weigh the medical source opinions.

**DISCUSSION[1]**

**1. Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that her statements concerning the intensity, persistence, and limiting effects of her reported symptoms were not entirely consistent with the medical evidence and other evidence in the record. ECF No. 14 at 9-12.

It is generally the province of the ALJ to make determinations regarding the credibility of a claimant's statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence

---

[1]In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent Lucia applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her reported symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 27. Plaintiff identifies three reasons the ALJ provided for finding her statements less than fully credible: (1) they were inconsistent with the medical evidence, (2) they were inconsistent with Plaintiff's reported activities, and (3) Plaintiff failed to seek treatment consistent with the severity of alleged limitations and symptoms. ECF No. 14 at 9-12.

### A. Medical Evidence

The ALJ's first reason for finding Plaintiff's statements less than fully credible, that Plaintiff's statements were not supported by the medical evidence, meets the specific, clear, and convincing standard.

Although it cannot serve as the sole grounds for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ addressed Plaintiff's symptom statements regarding both the physical and mental health impairments and concluded that they were not supported by the objective medical evidence. Tr. 27, 29, 31. Plaintiff only argues that this reason alone is insufficient to support an adverse credibility determination and raises specific challenges to the other two reasons she asserts the ALJ provided. ECF No. 14 at 10-11. Since Plaintiff failed to challenge the ALJ's determination that her symptom statements were not supported by the objective medical evidence, Plaintiff essentially forfeited the argument. *See Carmickle v. Comm., Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court need not address arguments not specifically addressed in briefing).

When addressing Plaintiff reported symptoms from her mental health

impairment, the ALJ found that "from a historical perspective, the medical evidence reflects a history of opioid abuse, methadone treatment and indicators during evaluations that suggest over-reporting, impression management and lack of effort during the exam." Tr. 31. Defendant asserts that these reasons are separate from the finding that Plaintiff's statements are not supported by the objective medical evidence. ECF No. 18 at 5-6. In response, Plaintiff asserts that the opioid abuse is not supported by substantial evidence and that the lack of consistent effort in testing is not a clear and convincing reason. ECF No. 19 at 4-5.

The assertion that opioid abuse is not supported by the record cannot succeed. The record reflects that Plaintiff had a history of opioid dependence and Plaintiff was treated for a potential overdose in 2010. Tr. 261-2, 413, 421, 427. The Ninth Circuit has held that an ALJ may consider a claimant's failure to reliably report substance use in assessing credibility. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). However, the ALJ failed to actually find that Plaintiff had inaccurately represented her substance abuse, she only found that the record demonstrated a history of substance abuse. Tr. 31. Therefore, this does not raise to the level of specific, clear and convincing.

As for the assertion that a failure to give consistent effort in testing is not specific, clear and convincing, the Ninth Circuit has found that an ALJ may consider a claimant's failure to give maximum or consistent effort during evaluations when addressing the reliability of Plaintiff's statements. *Thomas*, 278 F.3d at 959. Therefore, the ALJ's finding that Plaintiff gave poor effort in testing is a specific, clear and convincing reason to reject her symptom statements. This reason stands apart from the ALJ's determination that her statements are not supported by the objective medical evidence. Therefore, the inconsistency between Plaintiff's statements and the objective medical evidence is not the only reasons for finding Plaintiff's statements unreliable.

///

### B. Reported Activities

The ALJ's next reason for finding Plaintiff's statements less than fully credible, that they were inconsistent with Plaintiff's reported activities, does not meet the specific, clear and convincing standard.

A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict her other testimony, or (2) "the claimant is able to spend a substantial part of [her] day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id.* (quoting *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005)). A claimant need not be "utterly incapacitated" to be eligible for benefits. *Fair*, 885 F.2d at 603.

The ALJ noted that Plaintiff reported being able to manage her finances, read, craft, prepare meals, laundry, shop, and attend church. Tr. 31. Recently, the Ninth Circuit has warned against ALJs finding that daily activities are inconsistent with testimony because impairments that would preclude work and all the pressures of the workplace environment "will often be consistent with doing more than merely resting in bed all day." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). The activities cited by the ALJ as proof of more ability are the same activities the Court in *Garrison* refers to when chastising ALJs for these determinations. *Id*. (Finding that the ability to talk on the phone, prepare meals, clean, care for a child were not inconsistent with Garrison's reported limitations.). This is laid out fully in Plaintiff's Reply, which articulates how the ALJ misrepresented Plaintiff's reported activities. ECF No. 19 at 3-4 (Plaintiff reported that she struggles to count change, Tr. 172; Plaintiff reported she cannot perform her crafts as often as before, Tr. 207; Plaintiff reported difficulty with dressing, Tr.

204; Plaintiff reported that she needs help with chores, Tr. 171; Plaintiff reported she goes to church only when she does not have panic attacks, Tr. 173). Therefore, these inconsistencies cited by the ALJ are not supported by substantial evidence and do not satisfy the specific, clear, and convincing standard.

### C. Lack of Treatment

The final reason the ALJ provided for rejecting Plaintiff's reported symptoms, that they were inconsistent with her lack of treatment, does not meet the specific, clear, and convincing standard.

The ALJ concluded that both Plaintiff's physical and mental symptoms were not supported by Plaintiff's failure to seek treatment. Tr. 27, 31. The Ninth Circuit has held that unexplained or inadequately explained reasons for failing to seek medical treatment can cast doubt on a claimant's subjective complaints, *Fair*, 885 F.2d at 603, but warns that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation," *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996).

Plaintiff explains that her lack of treatment is related to her lack of insurance. Tr. 44-45. The ALJ found that Plaintiff had insurance following the first evaluation from DSHS in December of 2013 based on the evaluation itself. Tr. 31, 70. However, this is not supported by the record. There is no letter or determination from DSHS stating that medical insurance was provided. Plaintiff testified that her treatment at the chiropractor was covered by her insurance and she stopped attending when her insurance ran out. Tr. 72. She was treated by the chiropractor in 2013 and 2014. Tr. 331-78. These records show that the responsible party was the automobile insurance company. Tr. 351. Additionally, when Plaintiff established care with Rockwood in May of 2014, she reported that the doctor who performed her neck surgery no longer accepted her insurance. Tr. 396. In October of 2015, Plaintiff reported to Rockwood Neurology that she had just received insurance. Tr. 420.

Therefore, Plaintiff's statements are not necessarily inconsistent. Her statements are consistent with having gone a long period of time without medical insurance while her automobile insurance covered her treatment for her accident related injuries, but not for her other impairments. Therefore, the ALJ's assertion that Plaintiff's lack of treatment supported the finding that her statements were unreliable and that she made inconsistent statements regarding insurance is not a specific, clear, and convincing reason.

In conclusion, the ALJ provided two specific, clear and convincing reasons to support her determination that Plaintiff's statements were less than fully credible: (1) Plaintiff's statements were inconsistent with the objective medial evidence and (2) Plaintiff failed to put forth maximum or consistent effort in testing. This is sufficient to uphold the ALJ's determination. *See Carmickle,* 533 F.3d at 1163 (upholding an adverse credibility finding where the ALJ provided four reasons to discredit the claimant, two of which were invalid); *Batson*, 359 F.3d at 1197 (affirming a credibility finding where one of several reasons was unsupported by the record); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

## 2. Medical Opinions

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions expressed by examining psychologist, John Arnold, Ph.D. ECF No. 14 at 12-16.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830. The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn*, 495 F.3d at

631. Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Dr. Arnold completed a Psychological/Psychiatric Evaluation on December 9, 2013. Tr. 327-30. He diagnosed Plaintiff with mood disorder not otherwise specified, social anxiety with general anxiety disorder features, rule out of cyclothymia, rule out opioid abuse/dependence in partial remission, rule out somatoform disorder, and rule out personality disorder especially borderline features. Tr. 328. He opined that out of thirteen basic work activities, Plaintiff had a marked limitation in two, a moderate limitation in nine, and no limitation or a mild limitation in two. Tr. 329. He opined that the limitations would persist with available treatment for twelve months. *Id*. The ALJ gave this opinion little weight for four reasons: (1) the opinion was based on Plaintiff's unreliable self-reported symptoms and complaints; (2) the opinion was based on an incomplete report by Plaintiff; (3) the opinion was inconsistent with the clinical findings; and (4) the opinion was expressed on a check the box form identifying few objective findings. Tr. 29-30.

Dr. Arnold completed a second Psychological/Psychiatric Evaluation on

November 2, 2015. Tr. 380-84. He diagnosed Plaintiff with unspecified bipolar depression with psychotic features, generalized anxiety disorder with social phobia features, rule out neurocognitive disorder due to head injury, and rule out borderline personality disorder features. Tr. 381. This time, out of the thirteen basic work activities, Dr. Arnold opined that Plaintiff had a severe limitation in four activities, a marked limitation in one activity, a moderate limitation in seven activities, and no limitation or mild limitation in one activity. Tr. 382. The ALJ gave this opinion little weight "for the same reasons attributed to his former evaluation." Tr. 29-30.

Plaintiff appears to concede that the ALJ was required to provide specific and legitimate reasons for rejecting the opinions. ECF No. 14 at 12. Defendant's brief does not address the standard required for the ALJ to reject the opinion, but argues that the ALJ's reasons are supported by substantial evidence. ECF No. 18 at 11.

The ALJ's first reason for rejecting the opinions, that they were based on Plaintiff's unreliable self-reported symptoms and complaints, meets the specific and legitimate standard for the 2013 opinion. A doctor's opinion may be discounted if it relies on a claimant's unreliable self-report. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Tommasetti*, 533 F.3d at 1041. But the ALJ must provide the basis for her conclusion that the opinion was based on a claimant's self-reports. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

The ALJ concluded that the 2013 opinion was based on Plaintiff's self-reports because there were inconsistencies in performance during the exam and the mental status findings were normal yet Dr. Arnold provided marked limitations in two areas of functioning. Tr. 29. Furthermore, the ALJ stated that even Dr. Arnold found Plaintiff's self-reports to be questionable in light of inconsistencies revealed in test findings and over-reporting. Tr. 30. The ALJ found all categories of the mental status exam to be within normal limits. Tr. 330. Dr. Arnold scored

Plaintiff's Rey test as eight out of fifteen noting a questionable effort and deferred the Trails Making Tests. Tr. 328, 330. Additionally, he noted that Plaintiff reported that she forgot being in a methadone program. Tr. 330. Therefore, the ALJ provided a basis for her conclusion that the opinion was based on Plaintiff's self-reports. Since the ALJ provided legally sufficient reasons to support her determination that Plaintiff's symptom statements were unsupported by the record, *see supra*, the ALJ did not error in rejecting Dr. Arnold's 2013 opinion for this reason.

The ALJ concluded that the 2015 opinion was based on Plaintiff's self-reports because "despite the inconsistencies between the claimant's alleged symptoms and very mild examination findings, Dr. Arnold also evaluated marked and severe limitations in five areas." Tr. 30. As discussed more below, the ALJ inaccurately represented the record when she found that the 2015 mental status examination was normal. The ALJ found Plaintiff's concentration to not be within normal limits. Tr. 384. Therefore, the ALJ's basis for finding that Dr. Arnold's 2015 opinion was more heavily based on Plaintiff's self-report than objective evidence is not supported by substantial evidence and this reason fails to meet the specific and legitimate standard.

The ALJ's second reason, that Plaintiff provided incomplete information to Dr. Arnold, meets the specific and legitimate standard. The credibility of medical source opinions can be undercut by a claimant failing to provide an adequate and complete picture at the time of the evaluation. *Hardwick v. Astrue*, 782 F. Supp. 2d 1170, 1179-80 (E.D. Wash. 2011) (holding that a doctor's failure to diagnose or factor in evidence of the claimant's substance abuse constituted a specific and legitimate reason for disregarding the opinion); *Roy v. Colvin*, No. 14-35162, 656 Fed. Appx. 816, 818 (9th Cir. 2016) (holding that the ALJ properly rejected the opinions of the claimant's therapists because they did not sufficiently account for his drug abuse). The ALJ noted that Plaintiff failed to inform Dr. Arnold of her

college education and her prior drug use during the 2013 evaluation. Tr. 30. Despite having completed three years of college, Plaintiff reported to Dr. Arnold that her education consisted of a GED. Tr. 327. Additionally, Plaintiff reported that she was treated at a methadone clinic, but that the treatment was for pain management and not a drug addiction. *Id*. Both of these assertions by Plaintiff were inconsistent with Plaintiff's reports elsewhere in the record. Upon application for benefits, she stated she had completed three years of college. Tr. 182. Additionally, the record reflects that Plaintiff had a history of opioid dependence. Tr. 261, 413, 421, 427. In 2010, Plaintiff was seen at the emergency room for a potential overdose and was diagnosed with substance abuse with a drug screen positive for opiates and tricyclics. Tr. 261-62. Yet at the first evaluation, Plaintiff denied illegal drug use and at the second she stated she had never taken illegal drugs. Tr. 327, 381. The ALJ also found that Plaintiff reported auditory hallucinations and difficulty leaving her home at the second evaluation, yet failed to report these symptoms to other providers. *Id*. At both the evaluations, Plaintiff reported auditory hallucinations. Tr. 327, 380. Yet, she denied such hallucinations elsewhere in the record. Tr. 398, 417. Likewise, at the second hearing, Plaintiff reported that it "[t]akes a lot for her to get out of the house, due to fear." Tr. 380. Yet, while the other records reflect an anxiety disorder, nowhere does it indicate this is related to leaving her home. Tr. 272, 282, 396, 399, 401, 405, 407, 411-12, 414, 421. Therefore, the ALJ's finding, that the opinion was based on misrepresentation, was supported by substantial evidence and meets the specific and legitimate standard.

The ALJ's third reason, that the opinion was inconsistent with clinical findings, is sufficient to support rejecting the first evaluation, but is not supported by substantial evidence in the case of the second evaluation. Inconsistency with the majority of objective evidence is a specific and legitimate reason for rejecting physician's opinions. *Batson*, 359 F.3d at 1195. Here the ALJ found that

Plaintiff's normal results on the mental status exam, besides the noted anxious mood and constricted affect, did not support the level of limitation opined in the first evaluation. Tr. 29. Dr. Arnold indicated that all categories of the mental status examination were within normal limits. Tr. 330. As for the second evaluation, the ALJ found that besides a depressed/anxious mood the mental status exam was normal and did not account for the level of limitation opined in the second evaluation. Tr. 30. However, in this evaluation, the mental status exam shows abnormalities in Plaintiff's concentration and Dr. Arnold indicated her concentration was not within normal limits. Tr. 384. As such, the ALJ's finding that the 2015 mental status examination was normal is not supported by substantial evidence. Any error resulting from this treatment of the second evaluation would be harmless as the ALJ provided other legally sufficient reasons to reject the opinion. *See Tommasetti*, 533 F.3d at 1038 (An error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination.").

The ALJ's fourth reason, that the opinion was expressed on a check the box form identifying few objective findings, is not specific and legitimate. The Ninth Circuit has expressed a preference for individualized medical opinions over check-the-box reports. *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983). However, check-the-box forms that do not stand alone, but are supported by records should be "entitled to weight that an otherwise unsupported and unexplained check-box form would not merit." *Garrison*, 759 F.3d at 1013. Here, the forms are accompanied with a mental status examination and some psychological test results. Tr. 327-30, 380-84. Therefore, these forms do not stand alone. The ALJ also found that the opinions identified few objective findings. Tr. 30. This is inaccurate. The forms contain psychological test results including the Becks Depression Inventory-II, the Becks Anxiety Inventory, the Rey 15 item memory test for malingering, the Trail Making Test, and a mental status examination which

includes memory testing and concentration testing.  Tr. 328, 330, 381, 383-84.
Undoubtedly, viewing Plaintiff's responses to the testing prompts would provide
greater insight into their results, but the results themselves constitute objective
evidence.  Therefore, the ALJ's conclusion that these forms failed to provide
objective medical evidence to support the opinion is not supported by substantial
evidence, and this is not a specific and legitimate reason for the ALJ to reject the
opinions.

While not all of the ALJ's reasons for rejecting the opinions meet the
specific and legitimate standard, the ALJ provided at least one legally sufficient
reason for each of the opinions.  Therefore, any resulting error would be
considered harmless.  *Tommasetti*, 533 F.3d at 1038 (an error is harmless when "it
is clear from the record that the . . . error was inconsequential to the ultimate
nondisability determination").

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the
ALJ's decision is supported by substantial evidence and free of harmful legal error.
Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy
to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Defendant**
and the file shall be **CLOSED**.

DATED September 24, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE